[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a marital dissolution action brought by the plaintiff, Marcia Monahan, against the defendant, Keith Monahan, by complaint dated March 29, 1996. The defendant, Keith Monahan, i appeared by counsel on April 18, 1996. The matter, having been claimed to the limited contested list on October 10, 1996, was assigned for trial and heard on November 21, 1997. Both parties testified. Both filed proposed orders with the court. Based on the testimony the court makes the following findings:
The plaintiff, whose maiden name was Marcia Neff, was married to the defendant on September 23, 1982 in Bristol, Connecticut. No children have been born to the plaintiff since the date of the marriage. She testified that she has lived in Connecticut at least one year prior to the filing of the complaint. Neither party has received any public assistance.
All statutory stays have expired. The court has jurisdiction over this action as well as the parties. CT Page 14014
The plaintiff, who is forty-five years old, has been employed as a secretary for most of the fifteen year marriage. The defendant is forty-seven years old. He has been employed as a union and non-union painter on a regular basis. The parties are presently in good health and either employed or employable at this time. At the time of the marriage the defendant was the owner of two residential properties in Bristol that he purchased for purposes of renovation and resale. The plaintiff owned a condominium at the time of the marriage.
In 1988 the Bristol properties were sold realizing a profit of about $110,000. In the years prior to the sale the plaintiff handled the legal and financial affairs of the properties; the defendant made many of the renovations himself. The plaintiff's condominium was sold at a profit of $25,000.
With the proceeds of these sales a residence in Tolland was purchased and then sold in 1990. As a result of all of the above sales the parties purchased the following:
Real Property (jointly owned) Values as of November 21, 1997
Condo — Unit 303, Phoenix, Arizona 4800.00
Condo — Unit 601, Phoenix, Arizona 4800.00
Condo — Orlando, Florida 00.00
Condo — (Timeshare) Newport, Rhode Island 6000.00
Personal Property
Coin collection — jointly owned 5000.00
Allianz annuity — plaintiff only 134,000.00
life insurance policy — defendant only cash value 13,217.00
Most of the above acquisitions and the form of ownership in each instance were the result of estate planning advice from a financial advisor without regard to the individual contribution of the parties to the particular asset acquired. In addition to these assets, the parties have acquired by reason of their respective employment positions and income, certain pension CT Page 14015 benefits, IRA and 401K plans, an annuity and CD, checking accounts, stocks and automobiles, all held individually and to which neither party has made any direct claim.
At the hearing of November 21, 1997, the plaintiff alleged and the defendant admitted that on one occasion he had placed his hands around the plaintiff's neck and threatened to burn their house with the plaintiff inside. On another occasion he threatened to throw her from a moving i vehicle. These are the only incidents of abuse or threatened abuse in the fifteen year marriage, although the defendant did embarrass the plaintiff on occasion by his actions in public places. The defendant testified that he was sorry for his conduct and the plaintiff did not claim that this conduct, which occurred early on in the marriage, caused the separation of the parties in February of 1996.
The plaintiff testified that she did not like the managerial and legal responsibilities of property ownership that the defendant thrust upon her throughout the years the parties lived together. The parties have been separated more than eighteen months now. The court is satisfied that the marriage has broken down irretrievably and that there are no reasonable prospects for reconciliation.
Accordingly, mindful of case law and the statutory provisions of §§ 46b-81 and 46b-82 of C.G.S., the following orders are entered:
1. The marriage of the parties is dissolved on the ground of irretrievable breakdown;
2. The plaintiff's maiden name of Neff is restored to her;
3. The following jointly owned assets are assigned and set over to the plaintiff:
a. Condo Unit 303 in Phoenix;
b. Condo Unit 601 in Phoenix;
c. Condo in Orlando;
 d. Household goods in plaintiff's possession with exception of a table saw, spray pump, golf clubs and a forty foot ladder.
CT Page 14016
4. The following jointly owned assets are assigned and set over to the defendant:
a. Condo timeshare in Newport;
b. Coin collection;
 c. Household goods in defendant's possession and a table saw, spray pump, golf clubs and a forty foot ladder.
5. The following asset in the name of the plaintiff only shall be divided as follows: Allianz annuity — 60% thereof to the plaintiff; 40% thereof to the defendant.
6. Alimony is awarded to the plaintiff in the amount of $1.00 per year modifiable only by the State of Connecticut.
7. No order of counsel fees is entered.
8. With the exception of specific orders to the contrary herein, each party shall be entitled to ownership of the assets and shall be responsible for payment of the liabilities shown on his and her respective proposed orders or financial affidavits, and shall hold the other harmless from any liabilities set forth therein or any liabilities in connection with the jointly owned assets ordered assigned to the other party.
9. The court shall retain jurisdiction to enter such orders, including "Qualified Domestic Relations Orders" as may be necessary in order to effectuate the provisions of the judgment.
10. The plaintiff shall prepare the judgment file.
Potter, J.